Filed 4/8/26  Vu v. Manalac CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PETER VU,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DERRICK MANALAC,<br><br>        Defendant and Respondent. | A174389<br><br>(City & County of San Francisco Super. Ct. No. CCH25588229) |

Peter Vu appeals from an order denying his petition for an elder abuse restraining order against Derrick Manalac.  (Welf. & Inst. Code, § 15657.03; statutory references are to this code.)  We shall affirm the order.

**BACKGROUND**

On June 9, 2025, Vu filed a petition for an elder abuse restraining order against his neighbor, Manalac.  The court denied Vu a temporary restraining order pending a hearing.  Vu and Manalac both appeared in propria persona at the hearing, which was held on July 1, 2025.

At the July 1 hearing, the court asked Vu why he needed to have a restraining order against Manalac, and Vu responded by providing the court with a folder of documents.  The court described the contents of the folder:  a "long record" of 911 calls; some police department follow-up forms; "legal definitions"; some medical records; a photograph and computer animations of plumbing and wiring diagrams; and copies of Vu's restraining order request.

1

After reviewing Vu's documents, the court noted that Vu had also submitted a declaration in support of his petition and then inquired whether Vu wanted to offer anything else. Vu said no. Then Manalac submitted letters of support attesting to his good character. Manalac stated that the letters were from other residents of their small apartment building.

The court stated that Vu had alleged Manalac was pumping chemicals into Vu's apartment, and inquired as to what "type of chemicals" Vu was "talking about." Vu responded that he did not know. The court observed that the documentation of Vu's 911 calls showed that responding officers did not smell anything or detect any chemicals. When asked for a response to this fact, Vu stated that his health had been affected. The court pointed out that the medical records Vu had provided did not talk about Vu's "health at all." Vu responded: "I got [a] headache, dizziness, my heart beats so fast, difficult operating, my mind not very clear." Vu stated that he also felt numbness in his left shoulder.

The court then asked how Vu knew that Manalac was the person who was harming him, and not someone or something else. Vu responded that his apartment was directly above the apartment where Manalac lived with two other people. The court ask why Vu believed the chemicals were coming from Manalac's apartment, and Vu gave this response: "Because there's a chemical in the air in my room, so it must be someone released the chemical into the air in my room."

After the matter was submitted, the court denied Vu's request for a restraining order. The court opined that Vu believed that Manalac or somebody else was doing "this" to him, but found there was no "rational explanation" for seeking a restraining order. The court suggested that Vu was imagining something, or having some other health problem that he

should probably have checked out. At the conclusion of the hearing, the court returned the folder of documents to Vu and denied Vu's petition with prejudice.

## DISCUSSION

"Under the Elder Abuse Act, a trial court may issue a restraining order to protect an 'elder' who has suffered 'abuse' within the meaning of section 15610.07." (*Newman v. Casey* (2024) 99 Cal.App.5th 359, 374; see § 15657.03, subds. (a), (b).) Section 15610.07, subdivision (a)(1) defines " 'Abuse of an elder' " to include physical and mental abuse. "The denial or 'issuance of a protective order under the Elder Abuse Act is reviewed for abuse of discretion.' " (*Gordon B. v. Gomez* (2018) 22 Cal.App.5th 92, 97.)

Here, Vu contends the denial of his petition constituted an abuse of discretion on multiple grounds.[1] Before addressing these contentions, we emphasize that Vu's decision to represent himself on appeal does not exempt him from settled principles of appellate procedure. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) The most fundamental of these principles is that appealed judgments and orders are presumed correct, and the burden is on the appellant affirmatively to demonstrate that reversible error occurred. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.)

To meet this burden, the appellant must provide an adequate record; failure to do so as to an issue that appellant raises requires that the issue be

---

[1] Manalac did not file a brief and Vu did not request oral argument. Accordingly we decide this appeal based on Vu's opening brief and the record on appeal, "examining the record and reversing only if prejudicial error is shown." (*Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 334; see Cal. Rules of Court, rule 8.220(a)(2).)

resolved against him.  (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935 [collecting cases].)  Moreover, the appellant must support his claims of error with cogent legal argument and citation to legal authority as well as supporting references in the record.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1111; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see Cal. Rules of Court, rule 8.204(a).)  The appellate court may treat conclusory claims and unsupported contentions as forfeited.  (*Badie*, at pp. 784–785.)

In the present case, we glean from the few documents included in the Clerk's Transcript that Vu filed a petition for an elder abuse restraining order, but that petition is not part of the record on appeal.  At the July 1 hearing, the court referenced a declaration by Vu, but again we do not have that declaration.  And, although Vu clearly delineates the issues he wants this court to address, his arguments are conclusory and unsupported by citations to authority.  Although these deficiencies are grounds for summarily denying this appeal, we shall briefly address Vu's points.

First, Vu contends the trial court failed to "admit or evaluate" the contents of Vu's folder of supporting documents.  The hearing transcript shows otherwise; the court did review Vu's documents and discussed them with Vu before making its ruling.  Vu did not request that his documents be admitted into evidence, and he cites no authority requiring the court to admit the documents on its own motion.  Vu also overlooks the minute order from the July 1 hearing, which states that Vu stipulated to the return of his exhibits.

Next, Vu contends the court applied an improper standard for securing an elder abuse restraining order by demanding that Vu identify the type of

4

chemical that was allegedly pumped into Vu's apartment.  But the hearing transcript shows the court did not base its ruling on the isolated fact that Vu could not identify a specific type of chemical.  Vu was unable to provide *any* information to show that a chemical was being pumped into his apartment, by Manalac or anyone else.

Vu also contends that the trial court's suggestion Vu was imagining things constituted judicial bias.  But that suggestion was consistent with Vu's conduct and comments at the hearing.  The court gave due consideration to Vu's argument, and was respectful and apologetic for having to tell Vu something Vu did not want to hear.  Vu cites no authority supportive of his claim of bias.

Finally, Vu contends the court should have conducted an evidentiary hearing and afforded cross-examination before denying the petition.  At the July 1 hearing, the court gave Vu ample opportunity to present evidence.  The court also explained why Vu's documents did not show that Manalac or anyone else abused him.  Although Vu stood by his belief that a chemical was released in his apartment, he conceded, at least implicitly, that he had no basis for alleging Manalac was the person who released the unidentified chemical.  And he stated expressly that he had no other evidence to offer.  Under these circumstances, Vu waived any claim concerning the adequacy of the hearing.

## DISPOSITION

The order denying Vu's petition for an elder abuse restraining order is affirmed.

TUCHER, P. J.


WE CONCUR:

FUJISAKI, J.
PETROU, J.

*Vu v. Manalac* (A174389)

6